CERTIFIED COPY

Clerk's

# United States Court of Appeals

## For the First Circuit

---

No. 05-2021
D.C. #95-75
J. Lisi

TERRENCE BOYD,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent,

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT IS A TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE AND IN MY LEGAL CUSTODY.
FIRST CIRCUIT COURT OF APPEALS BOSTON, MA JUL 22 2005
By: Date:

---

Before

Selya, Lynch, and Lipez, Circuit Judges.

---

JUDGMENT

Entered: July 22, 2005

Petitioner Terrence Boyd seeks leave to file a second or successive motion pursuant to 28 U.S.C. § 2255. As the ground for the present motion he relies upon United States v. Booker, 125 S. Ct. 738 (2005). "Under the relevant gatekeeping provision, a new rule of law can form the basis for a second or successive habeas petition only if that rule is 'made retroactive to cases on collateral review by the Supreme Court.' 28 U.S.C. § 2255, para. 8(2)." Cuevas v. DeRosa, 386 F.3d 367 (1st Cir. 2004). Boyd's application to file a second or successive § 2255 motion may not be granted because Booker has not been made retroactive. see In re Olopade, 403 F.3d 159, 163 (3d Cir. 2005); Green v. United States, 397 F.3d 101, 103 (2d Cir. 2005); see generally Tyler v. Cain, 533 U.S. 656, 663 (2001) (explaining that "a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive"). Of course, if in the future the Supreme Court makes Booker retroactive to cases on collateral

review, petitioner may then attempt to assert a Booker claim by means of a second or successive § 2255 motion.

The application is denied without prejudice.

By the Court:

Richard Cushing Donovan, Clerk.

MARGARET CARTER

By:______________________________

Chief Deputy Clerk.

Certified Copy to Hon. Mary Lisi; Mr. DiMarzio, Clerk USDC

cc: Messrs. Boyd, Lockhart, Sullivan & Ms. Curran