IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF
RHODE ISLAND

Terrance Boyd
Petitioner

CR: NO 95-075ML

V.

United States Of America,
Respondant

PETITION FOR WRIT OF ERROR CORAM
NOBIS PURSUANT TO 28 U.S.C.
§1651 (A).

Now comes the petitioner Terrance Boyd (Hereinafter Petitioner), who is acting Pro-Se in the above stated matter, and hereby respectfully moves this Honorable Court to grant relief from judgement of sentence pursuant to petition for Writ of Error Coram Nobis 28 U.S.C. §1651 (A). In support of, it is stated;

PRO-SE STANDARD OF REVIEW

Petitioner request's a liberal construction of his pleadings. Petitioner is untrained in the law and has others helping him, Hains v. Kerner, 404 U.S. 519 (1972). This court retains the inherent power to apply the proper construction of governing law. Kamen v. Kemper Financial Services Inc.,500 U.S. 90 (1991).

JURISDICTION

The Rhode Island District Court entertains jurisdiction over petition for Writ of Coram Nobis 28 U.S.C. §1651 (A). See Korematsu v. U.S.D.C. Cal., 1984 584 F. Supp. 1404. Petitions for Writ of Error Coram Nobis are approppreately heard by the district court in which the petitioners conviction was obtained.

A claim of an illegal restitution order is beond the preview of a collateral proceeding brought under 28 U.S.C. §2255. Making §2255 inadiquate and ineffective for the petitioners instant claims. See Smullen v. U.S.,94 F.3d 20,21 (1st Cir 1996) were the court stated that the plain language of the statute indicated that §2255 is only available to a petitioner who "claim[s] his right to be released" from custody. Also see U.S. v. Thiele, 314 F.3d 399 (9th Cir. 2002) where the court stated that the defendant could not challenge a restitution order thrugh a 28 U.S.C. §2255. The petitioner also filed a section 2241 in the district of his confinement were the court held that the appropriate motion to challenge restitution would be a Writ of Error Coram Nobis.

STATEMENT OF FACTS

A) The petitioner along with 10 Co-Defendants were indicted in the district of Rhode Island on a 38 count indictmentafter a two year investigation into the Providence chapter of the street gang commonly known as the Latin Kings, on September 19,1995.

B) The petitioner was indicted on 5 counts. Count (1) R.I.C.O. 1962(c), Count(2) Consp. R.I.C.O. 1962(d), Count(4) VCAR 1959(A)(1), and two counts of Violation of 18 U.S.C. §1959(A)(5) (conspiring to commit murder, a violent crime in aid of rackateering).

C) After a 44 day trial befor Honorable Judge Mary M. Lisi the petitioner was convicted of count 4.

D) On september 22, 1997 Honorable Judge Mary M.Lisi imposed a sentance of life on count 4, and imposed a $40,000.00 restitution order to the Mendez family, making the petitioner jointly and severly liable with Co-Defendants Sepulveda,Roman,Perry and Davis.

E) After the sentencing the petitioner appealed his conviction which was denied on June 30,1999. One year later a petition was filed in Sec. 2255 which was also denied on November 11,2001. The petitioner raised a claim of illegal restitutionon his §2255 where thecourt ruled that attack on restitution was beond the preview of §2255.

THE PETITIONERS RIGHT TO EFFECTIVE ASSISTENCE OF COUNSEL WAS DENIED WHEN TRIAL COUNSEL FAILED TO OBJECT TO THE COURTS FAILURE TO MAKE SPECIFIC FACTUAL FINDINGS REQUIERED TO IMPOSE A RESTITUTION UNDER 18 U.S.C. Sec.3663(a) AND IMPOSING RESTITUTION UNDER THE MANDATORY VICTIMS RESTITUTION ACT WHEN THE OFFENSE IN QUESTION OCCURED BEFORE ITS ENACTMENT IN 1996

(A) The petitioner contends that his right to effective assistance of counsel were denied when trial counsel failed to object to sentencing Courts failure to make requiered factual findings to impose restitution under the Victims Witness Protection Act(VWPA) 18 U.S.C. 3663(a). See U.S. V. EDWARDS, 162 f2d 87 (3rd Cir.1998) were the Court stated that in this Circuit, a District Court has to make certain factual findings before ordering restitution under the VWPA;(1) The amount of the loss sustained by the victims;(2) The defendants ability to pay that loss;and (3) and how the amount of restitution imposed relates to any loss caused by the conduct underlining the offense at issue.

In the instant case the record dose not establish a factual finding/1 that the amount of restitution resulted from the offense of conviction for which the petitioner was actually convicted.

---

/1 See exhibit (a) the petitioners sentencing minutes.

Further more the District Court did not take into consideration the defendants ability to pay the full restitution/2. SeeU.S. v.Porter ,90 f3d 64 (1946) were the Court stated a Court of Appeals will vacate order of restitution and remand for resentencing where there is no evidence suggesting that the sentencing Court considered the amount of loss sustained by the victims of the crimes, defendants ability to pay restitution, and financial needs and earning ability of the defendant and the defendants dependants in ordering restitution. (B) The sentencing Court did not take into account how the amount of restitution imposed, relates to any loss caused by the conduct underlining the offens at issue.

The sentencing Court imposed a restitution order of $40,000.00 as part of a sentence for all counts The petitioner was convicted of the murder of Jose Mendez. Impart the restitution award is based on expenses stemming from the body of Mendez being housed and trasported From Rhode Island to New york to the Dominican Republic. The expensses incurred by the transportation of Mendez body is result of the Mendez family chioce to do so. See Government of the Virgin Islands v. Davis,43 F.3d 41, (3rd Cir.1994) for the purpose of restitution award under the VWPA award of restitution in the amount that represents victim entire loss is not necessiarly authorized.



/2 under the MVPA a restitution must be made in the full amount opposed to a restitution imposed under the VWPA which must be tailored to the defendants future financial ability to pay.

Futher more the sentencing Court never conclude if the figure of $40,000.00 dollars resulted from charges stemming from the offense of conviction. The sentencing Court imposed this ambiguous figure of $40,000.00 dollars soley based on Jose Mendezs mothers testimony and a letter from Mendezs father which the assistant USDA stated himself was poorly documented/3. The Court never concluded that this figure truly represented the losses caused by the offense of conviction. See Hughey v. U.S. 495 U.S. 411 (1990) 18 U.S.C.3663 is authorize only for the loss caused by the specific conduct that is the basis of the offense of conviction.

(C) furthermore the sentencing Court held the petitioner "Jiontly and Severly" liable with his co defendants **sepulveda,Perry,Roman,and Davis** for the full amount of the restitution order. Without any clarification of what Jointly and Severly means. If the petitioner were to pay half of the restitution would he be held liable for the other half if co defendant does not pay it. See U.S. v. Hunt,52 f3d 489(3rd cir. 1995) were the Court remanded for further consideration due to the Courts statement that restitutionally obligation was Jiontly and Severly liable with those of her co defendants without further explanation.

(D) Next the sentencing Court erred in imposing a restitution order under 18 U.S.C Sec.3663(a)/4 Mandatory victims restitution act. The offense for which the petitioner was convicted of occured on Nov.07, 1994 prior to the enactment of the M.V.R..A.



/3 See petitioners sentencing minutes p.30 exhibit (B-1),A letter from mendez father claiming the sum of $40,000 which clearly does not establish any reasoning for the calculation of this figure exhibit (B-2)and testimony fro mendez mother exhibit (B-3) /4 See petitioners presentencing report p.1

Sentencing the petitioner under the M.V.R.A. violates the ExPost Facto Clause, Because under the M.V.R.A. the Court must apply the full amount of the victims losses, and the Court can not consider the defendants economical circumstances. See U**U.S. v. Edwards**,126 f 3d 87 (3rd Cir.1998) were the Court stated that imposition of restitution on a defendant for criminal conduct which occurred prior to the enactment of the (MVRA) violates the Ex Post Facto Clause; restitution was "Punishment" under the MVRA, and the act disadvantages defendant by holding him accountable for the full amount.

(E) In showing an inffective assistance claim the petitioner must establish a two-step requirement commonly know as the **Strickland** test. See **Strickland v. Washington**,466 U.S. 668(1984) (1) counsels preformance fell below the objective standard of responsibilty and (2) there is a reasonable probability that, but for counsele error, the result of the proceeding would have been different.

In the case at bar trial counsel did not object to the Courts failure to make factual findings of the amount sustained by the victims; the defendants ability to pay and how the restitution imposed relates toany loss caused by the conduct underlining the offense of conviction. In fact trial counsel did nothing at all, basically conceeding by his silence on this matter. The touchstone for determing whether an attorneys preformance falls below the Constitutional norm is whether counsel has brought "**To bear such skill and knowlegde as will render the trial a reliable adversil testing process Strickland**." See **Rompilln v.Horn**,355 f 3d 233 (3rd Cir. 2004) The Constitution is satisfied when the lawyer chooses a professionally competent strategy that secures the accussed the benifit of an adversarial trial.

The petitioner contends that trial counsels mere silence could never render a reliable adversial testing process,and in fact is equivalent to having No counsel at all.See **Roe v. Flores Ortega**, 528 U.S. 470 (2000) quoting Cronic If counsel is denied at a critical stage at trial, it is prejudice per-se, mandating automatic reversal. The outcome would have been differant had trial counsel objected to this illegal restitution. The petitioner would have if any at all, a substantially less restitution order had counsel made an attempt to test this illegally imposed restitution order. See **Scarpa v. Dubois**, 38 f3d 1 (1st Cir. 1994) a convicted defendant can establish the requisite prejudice in ineffective assistance of counsels berves, trial outcome would have been differant for this purpose, "Reasonable probability" is defined as that which undermines confidence in the result of the proceeding.

Trials counsel choice not to contest the restitution order and the manner in which it was imposed could only result in one outcome the sentencing Court imposing the full amount requested by the Mendezs family even though the assistant USDA said it was not well documented.

**Appellate Counsel was Ineffective For not appealing illegally imposed Restitution order**

Appellate counsel was ineffective for failing to appeal on direct appeal the District Court imposing a restitution order without making the appropraite factual findings required to impose restitution; and not clarifing what "Jiontly and Severly" meant and imposing restitution under the MVRA instead of the statute controlling at the time of the offense of conviction **V.W.P.A.**.See **Ratiff v. U.S.**, 999 f2d 1023,1026 (6th Cir.1993). A refusal to appeal,

an errorneous restitution award which award would have been subject to reversal on appeal,would meet the Strickland test and would clearly constitute cause for the failure to appeal the award.

## Conclusion

The petitioner submits that he was afforded ineffective assistance of counsel during the course of his sentencing and appeal. Had trial counsel objected to the Courts imposition of restitution without making factual findings,and imposition of restitution under the MVRA instead of the VWPA the outcome would have been differant.

Therefore the petitioner prays that this Honorable Court grant the instant 28 U.S.C. Sec.1651(A) vacate sentence and remand for resentencing for further factual findings, clarification of "Jiontly and Severly" means and sentencing under the correct statute the VWPA, and any further relief this Honorable Court deems appropriate.

The petitioner respectfully preserves his right to be present at resentencing in furtherance of his instant claims pursuant to rule 43(a) of the Fed. R. Civ. Pro..

Respectfully Submitted,

Terrance Boyd

Terrance Boyd#04225-070
U.S. Penitentiary
P.O. Box 1000
Lewisburg P.A.
17837