UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.   ) | No. 95-CR-75-02-JJM-PAS |
| ) | |
| TERRENCE BOYD, ) | |
| Defendant.   ) | |

**ORDER**

A jury convicted Terrence Boyd in 1997 of Racketeering Activity, Murder (of Jose Mendez) in violation of 18 U.S.C. §§ 1959(a)(1) and 2. The Court sentenced Mr. Boyd to life imprisonment, the mandatory minimum sentence–then and now–for violation of 18 U.S.C. §§ 1959(a)(1).

Mr. Boyd again seeks a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). The Court says "again" because Mr. Boyd filed his first motion for "compassionate release" in February 2021. ECF No. 1296. The District Court denied that motion (ECF No. 1303), Mr. Boyd appealed, and the First Circuit upheld the denial. ECF No. 1329.

A review of the first motion and Court decision, and the current motion and opposition, coupled with a study of the new rules and regulations promulgated by the United States Sentencing Commission, lead this Court to conclude that there is nothing new or additional added to Mr. Boyd's 2021 request, nor is there any relevant change in the rules, which would cause this Court to undo the final order entered in the previous motion. The Court's conclusions in 2021 stay true and applicable today.

Judge Lisi found in 2021[1] that:

- Defendant was no "tender" or "immature" youth; rather, he was a leader of a violent gang which planned and carried out the execution of Jose Mendez.
- Defendant's efforts, while commendable, must be balanced against the damage his crime caused.
- [O]n direct appeal the First Circuit found that sufficient evidence supported Defendant's conviction for murder. *See United States v. Lara*, 181 F.3d 183, 202-05 (1st Cir. 1999).
- [T]he concerns regarding the danger to the community outweigh the factors Defendant claims favor release.
- Although Defendant states that he is now forty-five years old and that his age makes him less likely to recidivate, the Court is not convinced that he will remain gang- and crime-free if released.
- Nor do the § 3553(a) factors favor releasing Defendant. Releasing him now would send the wrong message both to Defendant and to society.

ECF No. 1303.

Thus, the Court DENIES without prejudice Terrence Boyd's Motion for Retroactive Application of Sentencing Guidelines under 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 1360.

---

[1] The First Circuit affirmed the Court's denial in a short-order judgment. ECF No. 1329.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Court Chief Judge

June 27, 2024